UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:09-cr-309-T-24EAJ

vs.

EDDIE CLIFFORD HAMILTON-RIVERA

_____/

**ORDER**

Before the Court is Defendant Eddie Clifford Hamilton-Rivera's *pro se* motion for reconsideration (Doc. 300) of the Court's December 5, 2016 order (Doc. 296) denying Defendant's motion for a sentence reduction in light of Amendment 782 to the United States Sentencing Guidelines (the "Guidelines") (Doc. 267). For the following reasons, the motion for reconsideration is **DENIED**.

On January 25, 2010, Defendant was sentenced to 121 months' imprisonment followed by five years' supervised release after pleading guilty to conspiracy to possess with an intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a), 46 U.S.C. § 70506(a)–(b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. 201). Defendant subsequently argued that the Court should reduce his sentence based Amendment 782, a retroactive amendment which reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table. (Doc. 267). The Court denied Defendant's motion. (Doc. 296). Defendant now moves for reconsideration of this Court's order denying his motion for a sentence reduction.

1

A motion to reconsider is justified if there is (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. *Williams v. United States*, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See id.* (citations omitted).

As explained in this Court's order denying Defendant's motion for a sentence reduction, Defendant was not entitled to a reduction because his drug quantity table remained at level 38 even after applying Amendment 782 due to the amount of drugs for which he was held accountable (approximately 1,540 kilograms of cocaine). (Doc. 296). Defendant has not presented any valid basis for why the Court should reconsider its prior order, and his motion therefore falls short of the required showing for reconsideration. Accordingly, Defendant's motion for reconsideration of this Court's order is **DENIED**.

DONE AND ORDERED at Tampa, Florida, this 12th day of July, 2017.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**

*Pro Se* Defendant